STEADMAN v LAPENSOHN

Docket No. 63185. Decided March 4, 1980. On application by the plaintiffs for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the circuit court and remanded the case to the circuit court for further proceedings. Rehearing denied *post,* 1109.

The Traverse City Record Eagle published a number of news articles and editorials in 1974 about the election campaign of Robert A. Steadman for judge of the Thirteenth Judicial Circuit. The news articles referred to financial difficulties of businesses with which Steadman had been associated and pending lawsuits against him. The editorials recommended the election of his opponent, largely because of the financial matters. Steadman and his wife, Bernice T. Steadman, brought an action for libel against Lee Lapensohn, the editor, Bill Echlin, the reporter, and the Record Eagle, alleging that the articles and editorials of the defendants contained false and defamatory statements about the plaintiffs and that their reputations were damaged as a result. The Grand Traverse Circuit Court, Martin B. Breighner, J., granted summary judgment for the defendants, upon depositions and affidavits, on the ground that the articles at issue contained facts and assertions that were "substantially true" and the editorial opinions were "fair conclusions" from established facts and not presented as assertions of truth. The trial court also stated that at best a fact-finder could only infer or presume actual malice on the part of the defendants in publishing the material. The Court of Appeals, Danhof, C.J., and Bronson and M. F. Cavanagh, JJ., denied leave to appeal (Docket No. 78-4818). Plaintiffs apply for leave to appeal. *Held:*

The summary judgment must be reversed because the trial judge improperly made findings of fact in ruling on the motion and based his decision in part on the erroneous principle that actual malice may not be inferred from circumstantial evidence. The question on the motion for summary judgment is not whether the published statements are true or substantially true, but rather, whether there is a genuine issue as to material fact. In this case the plaintiffs claimed that a number of

the published statements were false, and supported the claim with depositions and affidavits. On the record it cannot be said that the disputed questions regarding these statements "are immaterial and inconsequential". In addition, it is clear that the actual malice necessary to defeat a conditional privilege can be established by inference. The record was sufficient to create a genuine issue of fact as to the question of actual malice, *i.e.*, publication with knowledge of falsity or a reckless disregard of the truth.

The judgment of the circuit court is reversed and the case is remanded to that court for further proceedings.

*Pinsky & Soet* for plaintiffs.

*Murchie, Calcutt & Sondee* (by *Jack E. Boynton)* for defendants.

PER CURIAM. The plaintiffs' application for leave to appeal asks us to review the trial judge's decision to grant summary judgment for the defendants. We conclude that the record raised genuine issues as to material facts and reverse.

I

Plaintiff Robert A. Steadman was an unsuccessful candidate for the office of the judge of the Thirteenth Judicial Circuit in the 1974 election. Bernice T. Steadman, his wife, was the proprietor of a clothing store in Traverse City, and participated to some degree in the election campaign.

The Record Eagle, a newspaper published in Traverse City, printed a number of news articles and editorials regarding Mr. Steadman's campaign between September 12 and November 2, 1974. The articles focused on the financial problems of businesses with which Mr. Steadman had been associated and a number of pending lawsuits against him. The editorials recommended the election of

Mr. Steadman's opponent, largely because of these financial matters.

The plaintiffs brought this libel action against the Record Eagle, its editor, and the reporter who prepared the articles. The plaintiffs contend that the articles and editorials contain false and defamatory statements about them and that their reputations were damaged as a result.

After several depositions were taken, the defendants moved for summary judgment. Affidavits were filed supporting and opposing the motion.

The trial judge decided the motion in a written opinion. After setting forth his "finding of facts", "conclusions of law", and "applicable legal standards", the judge concluded:

"A careful reading of the depositions and other relevant documents convinces this court that the essential published facts were true in terms of the totality of the communications. The impact on the reader of defendants' paper would have been the same had the fine distinctions drawn by plaintiffs been observed. We are dealing here largely with distinctions without a difference. It should be remembered that the fact issue to justify a trial must be material. Essentially, plaintiffs seek to establish by trial that defendants embarked upon a studied course of conduct to libel them. The record does not support such claim. Rather, fact questions, if they exist at all, are immaterial and inconsequential.

"Applying applicable standards to the facts of this case, and taking the summary judgment posture as set forth above, this court concludes that no factual issue exists for resolution in this cause. If we accept the untruth of certain assertions complained of by plaintiffs, no evidence of actual malice is present. At the very best, a fact finder can only infer or presume actual malice."

The Court of Appeals denied plaintiffs' application for delayed appeal.

We have concluded that the summary judgment must be reversed because the trial judge improperly made findings of fact in ruling on the motion and based his decision in part on the erroneous principle that actual malice may not be inferred from circumstantial evidence.

## II

The "finding of facts" section of the trial judge's opinion includes the following statements:

"The publications under attack contain facts and assertions that are substantially true. They are false only in minor and insignificant detail."

"Defendants' editorial opinions are fair conclusions from established facts, albeit opinions only, and not presented as assertions of truth."

"Published information concerning Mrs. Steadman was not false in any significant respect, and viewed from the standpoint of a newspaper reader, except for issues of semantics, was wholly correct."

The conclusion of the opinion, quoted above, contained similar factual conclusions.

The trial judge's assessment of the case may be correct. However, the question on the motion for summary judgment is not whether the published statements are true or substantially true, but rather, whether there is a genuine issue as to material facts. In this case, the plaintiffs claimed that a number of the published statements were false, and supported this claim with deposition testimony and affidavits. On this record it cannot be said that the disputed questions regarding these

statements "are immaterial and inconsequential".[1]

### III

In addition, the trial judge appears to have placed undue reliance on the need to present direct evidence of "actual malice"—publication with knowledge of falsity or a reckless disregard of truth.[2] In his finding of facts, the trial judge said:

"To the extent statements contained in the published material are untrue, there is no factual basis to establish that such statements were made with a knowledge of falsity or with a reckless disregard of the truth."

"Viewing the factual issue in the light most favorable to plaintiffs, actual malice could only be presumed or inferred by the trier of fact. There is not the existence of any evidence tending to establish actual malice on the part of defendants."

The judge repeated later in his opinion that " '[a]ctual malice' may not be presumed or inferred", and that in this case, "At the very best, a fact finder can only infer or presume actual malice."

---

[1] For example, one of the news articles reported that in a prepared press release Mr. Steadman said that the editor "acted in unfair fashion by publishing information from the public record about the candidate". In his deposition Mr. Steadman denied that he made any such statement. Another article reported that Mr. Steadman told one of the individual defendants that some of his financial problems were the result of alleged mismanagement of a company in which he was a corporate officer. Mr. Steadman denies that he made the statement or that he was a corporate officer. An article on a press conference held by Mr. Steadman also reported that he inaccurately stated the amount claimed against him in a lawsuit. Mr. Steadman's depositional testimony was that he correctly stated the amount and that the article misrepresented what he had said.

There can be no doubt that these are disputed factual matters. We are unable to say that, as applied to a candidate for public office, implications of fear of the truth, malfeasance, and the dishonesty that these statements suggest were of so little consequence as to be immaterial for purposes of a motion for summary judgment.

[2] *New York Times Co v Sullivan*, 376 US 254, 279-280; 84 S Ct 710; 11 L Ed 2d 686 (1964).

It is clear that the actual malice necessary to defeat a conditional privilege can be established by inference.[3] Indeed, given the very subjective nature of the test for actual malice, circumstantial evidence may be the only kind available on the issue.[4] In this case, we do not know whether a fact finder would infer actual malice from the present record. However, it is clear that the record was sufficient to create a genuine issue of fact as to that question.[5]

Accordingly, in lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the judgment of the circuit court and remand to that court for further proceedings.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

---

[3] Cf. Herbert v Lando, 441 US 153, 160; 99 S Ct 1635; 60 L Ed 2d 115 (1979):

"It is also untenable to conclude from our cases that, although proof of the necessary state of mind could be in the form of objective circumstances from which the ultimate fact could be inferred, plaintiffs may not inquire directly from the defendants whether they knew or had reason to suspect that their damaging publication was in error." (Emphasis added.)

[4] See, e.g., Arber v Stahlin, 382 Mich 300, 307-309; 170 NW2d 45 (1969).

[5] For example, malice might be inferred from the manner in which the articles were prepared. The reporter who prepared the articles interviewed Mr. Steadman on September 12, 1974, regarding his financial situation. Mr. Steadman was not told that the first article detailing these financial matters had already been prepared and would appear later that day. The article contained no reference to Mr. Steadman's explanations. A report of the interview was printed the following day, giving the impression that Mr. Steadman was responding to the first article.

A number of the allegedly false reports concern statements made by Mr. Steadman either in his interview with the Record Eagle reporter or in his press conference. If the printed reports were in fact false, by their very nature they permit an inference that the defendants knew or should have known they were false, since the individual defendant conducted the interview and the report of the press conference appears to quote Mr. Steadman's statements.