ROGOSKI v CITY OF MUSKEGON

Docket No. 48637. Submitted June 27, 1980, at Detroit.—Decided November 21, 1980.

Defendant City of Muskegon undertook the construction of a new shopping mall in downtown Muskegon on property adjacent to buildings owned by plaintiffs, Alexis J. Rogoski, as trustee under the last will and testament of Paul J. Schlossman, deceased, and Esgee Investment Co. Plaintiffs were induced to grant easements to the defendant allowing the defendant to attach the mall structure to plaintiffs' buildings. Thereafter, the Muskegon City Commission created a special assessment district and levied special assessments against the plaintiffs' properties for purposes of maintaining the mall. Plaintiffs filed a complaint against the City of Muskegon and the treasurer of the City of Muskegon in Muskegon Circuit Court challenging the authority of the City of Muskegon to levy such a special assessment against their properties. The case was transferred to the Michigan Tax Tribunal by order of the court, Ronald H. Pannucci, J. Plaintiffs filed a motion for summary judgment. The tax tribunal denied plaintiffs' motion and granted, *sua sponte,* summary judgment in favor of defendants. Plaintiffs appeal. *Held:*

1. In cases where no fraud has been alleged, review of decisions of the Michigan Tax Tribunal by the Court of Appeals is limited to the questions of whether the tribunal committed an error of law or adopted a wrong principle. The tax tribunal committed no error of law by finding that defendant City of Muskegon had the authority to establish a special assessment district for the maintenance and operation of the mall.

2. The issue of whether the plaintiffs' properties were so benefited by the mall as to justify the levying of a special assessment against them presented a disputed factual issue. A

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law §§ 618, 619, 641.
 4 Am Jur 2d, Appeal and Error § 11.
 71 Am Jur 2d, State and Local Taxation §§ 57, 58.
[2] 70 Am Jur 2d, Special or Local Assessments §§ 20, 22.
[3-5] 73 Am Jur 2d, Summary Judgment §§ 26, 27.

motion for summary judgment is to be denied whenever there is a genuine issue as to a material fact. The tax tribunal was correct in denying plaintiffs' motion for summary judgment but committed an error of law by granting, *sua sponte,* summary judgment in favor of the defendants. The case must be remanded for an evidentiary hearing as to the two controlling facts of whether special benefits have been conferred upon the properties and whether the benefits conferred substantially correspond to the assessments levied.

Reversed and remanded.

1. TAXATION — TAX TRIBUNAL — DECISIONS — REVIEW — APPEAL — CONSTITUTIONAL LAW — STATUTES.

The Court of Appeals has only limited power to review decisions of the Michigan Tax Tribunal; the Court is bound by the factual determinations of the tribunal and, where no fraud is alleged, review is limited to the questions of whether the tribunal committed an error of law or adopted a wrong principle (Const 1963, art 6, § 28, MCL 205.753[1]; MSA 7.650[53][1]).

2. TAXATION — SPECIAL ASSESSMENTS — BENEFITS CONFERRED.

The underlying principle of special assessments is the dual finding that a special benefit has been conferred on the property and the benefit conferred substantially corresponds to the assessment levied.

3. MOTIONS AND ORDERS — SUMMARY JUDGMENT.

A motion for summary judgment is to be denied whenever there is a genuine issue as to a material fact.

4. JUDGMENTS — SUMMARY JUDGMENT — GENUINE ISSUES OF FACT.

Neither party is entitled to summary judgment if there exists so much as a single controverted fact which establishes or tends to establish a proposition bearing on a genuine issue.

5. JUDGMENTS — MOTIONS AND ORDERS — SUMMARY JUDGMENT — COURT RULES.

A trial court may render summary judgment in favor of an opposing party without the necessity of a motion therefor if it appears that the opposing party rather than the moving party is entitled to judgment (GCR 1963, 117.3).

*Alexis J. Rogoski,* for Alexis J. Rogoski, as trustee under the last will and testament of Paul J. Schlossman, deceased.

*Dresser, Marks & Svendsen,* for Esgee Investment Company.

*O'Toole, Stevens, Johnson, Knowlton, Potter & Rolf* (by *Harold M. Street),* for defendants on appeal.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and A. C. MILLER,* JJ.

V. J. BRENNAN, J. Plaintiffs appeal as of right from a Michigan Tax Tribunal's order denying their motion for summary judgment and, *sua sponte,* granting summary judgment in favor of defendants.

Plaintiffs, for a number of years, have been owners of commercial buildings with frontage on Western Avenue in the City of Muskegon. Prior to the urban renewal redevelopment, Western Avenue was a main thoroughfare of the city. Both plaintiffs had entered into long-term leases for the rental of their buildings prior to Muskegon's urban renewal redevelopment program.

In 1974, the City of Muskegon, using city and Federal funds, began the construction of an enclosed shopping mall on the property adjacent to the plaintiffs' buildings. Sometime prior to July 7, 1975, the city requested that plaintiffs grant the city easements for the attachment of the mall structure to the plaintiffs' buildings. The city intimated to the plaintiffs that if the city were not permitted to attach the mall to the buildings it would be necessary to erect a free-standing wall on the city property paralleling the front of the plaintiffs' buildings, equipped with doors permitting

---

* Circuit judge, sitting on the Court of Appeals by assignment.

access into the buildings. Subsequently, the plaintiffs granted the requested easement to the city.

On or about October 14, 1975, the Muskegon City Commission created a Mall Maintenance Special Assessment District which included the properties owned by plaintiffs. Thereafter, the plaintiffs were notified that special assessments had been levied against their properties in the amounts of $7,579.36 and $7,500.80, respectively. The assessments were levied pursuant to a formula prepared by a board of three members, comprised of the city assessor and two members of the commission, in keeping with the provisions of Chapter XIII, § 7 of the Charter of the City of Muskegon. The special assessment was subject to annual revision on the basis of past actuarial experiences.

On February 17, 1976, plaintiffs filed their complaint in the Circuit Court for the County of Muskegon. On April 9, 1979, the case was transferred to the Michigan Tax Tribunal, which now has exclusive jurisdiction to review, *inter alia,* determinations and orders relating to special assessments. MCL 205.731, 205.741, 205.771; MSA 7.650(31), 7.650(41), 7.650(71).

Subsequently, the plaintiffs filed a motion for summary judgment in the tax tribunal.[1] Defendants thereafter filed an answer in opposition. The tax tribunal denied plaintiffs' motion for summary judgment and *sua sponte* granted summary judgment in favor of defendants. It thereby *sua sponte* entered an order dismissing the plaintiffs' petition. Plaintiffs appeal as of right from this decision of the Michigan Tax Tribunal.

At the outset, we note that this Court's power to

[1] Technically, the plaintiffs entitled their motion a "Motion for Decision". The tax tribunal, however, referred to it as a motion for "Summary Judgment" and relied upon GCR 1963, 117 in their order.

review decisions of the tax tribunal is very limited. The Legislature has removed the decisions of the tribunal from court review except for the limited circumstances specified in Const 1963, art 6, § 28, MCL 205.753(1); MSA 7.650(53)(1).

"In the absence of fraud, error of law or the adoption of wrong principles, no appeal may be taken to any court from any final agency provided for the administration of property tax laws from any decision relating to valuation or allocation."

Thus, where, as here, no fraud is alleged, our review is limited to the questions of whether the tribunal committed an error of law or adopted a wrong principle. *Consolidated Aluminum Corp, Inc v Richmond Twp,* 88 Mich App 229, 231; 276 NW2d 566 (1979), *Consumers Power Co v Port Sheldon Twp,* 91 Mich App 180, 184; 283 NW2d 680 (1979), *Northwood Apartments v City of Royal Oak,* 98 Mich App 721, 724; 296 NW2d 639 (1980). Hence, on appeal from the tax tribunal, this Court is bound by the factual determinations of the tribunal. *Ironwood v Gogebic County Board,* 84 Mich App 464, 469; 269 NW2d 642 (1978), *Consolidated Aluminum Corp, Inc v Richmond Twp, supra.*

Initially, we review the tax tribunal's decision that the city was authorized pursuant to MCL 125.981 *et seq.;* MSA 5.3533(1) *et seq.,* to establish a special assessment district for the maintenance and operation of the mall. As to this issue, we find no error of law in the tribunal's denial of plaintiffs' motion for summary judgment. On virtually identical facts, this Court has recently held that the City of Muskegon could lawfully levy special assessments for the operation and maintenance of the mall against property owners abutting the

Muskegon Mall. *McIntosh v City of Muskegon,* 88 Mich App 30; 276 NW2d 510 (1979), *lv den* 406 Mich 980 (1979).

Next, we address the propriety of the tribunal's denial of plaintiffs' motion for summary judgment on the issue of whether the properties were benefited by the mall, and, hence, subject to special assessment. Again, we find no error of law in the tribunal's denial of plaintiffs' motion for summary judgment as to this issue.

The underlying principle of special assessments is the dual finding that a special benefit has been conferred on the property and the benefit conferred substantially corresponds to the assessment levied. *Blades v Genesee County Drain Dist No 2,* 375 Mich 683, 693-696; 135 NW2d 420 (1965), *Edros Corp v City of Port Huron,* 78 Mich App 273, 279; 259 NW2d 456 (1977), *Ray v Mason County Drain Comm'r,* 48 Mich App 559, 565; 210 NW2d 810 (1973).

Justice COOLEY, in his work on taxation, expressed it as follows:

"The general levy of taxes is understood to exact contributions in return for the general benefits of government, and it promises nothing to the persons taxed, beyond what may be anticipated from an administration of the laws for individual protection and the general public good. *Special assessments, on the other hand, are made upon the assumption that a portion of the community is to be specially and peculiarly benefited, in the enhancement of the value of property peculiarly situated* as regards a contemplated expenditure of public funds; and, in addition to the general levy, they demand that special contributions, in consideration of the special benefit, shall be made by the persons receiving it. *The justice of demanding the special contribution is supposed to be evident in the fact that the persons who are to make it, while they are*

*made to bear the cost of a public work, are at the same time to suffer no pecuniary loss thereby; their property being increased in value by the expenditure to an amount at least equal to the sum they are required to pay.*" (Emphasis added.) 2 Cooley, Taxation (3d ed), pp 1153-1154,

as cited in *Fluckey v City of Plymouth,* 358 Mich 447, 453-454; 100 NW2d 486 (1960), *Leonard Capaldi Contracting Co, Inc v City of Fraser,* 70 Mich App 227, 230; 245 NW2d 575 (1976), *Johnson v Inkster,* 56 Mich App 581, 586; 224 NW2d 664 (1974). See also the discussion of this issue in *Blades v Genesee County Drain Dist No 2, supra.*

Whether a special benefit has been conferred upon the property and whether the benefit conferred corresponds to the assessment levied are controlling questions of fact. *Blades v Genesee County Drain Dist No 2, supra,* 696, *Edros Corp v Port Huron, supra,* 279.

In the instant case, plaintiffs moved for summary judgment on the alternative grounds that their properties were not specially benefited by the heating, air-conditioning and maintenance of the mall and, hence, not subject to levy for a special assessment. Defendants, in opposing the motion, argued that these amenities of the mall did benefit the property. They further argued that the properties were enhanced as to potential use.

For present purposes, it is sufficient for this Court to state that these motions presented a disputed factual issue as to whether the properties were benefited. It is well established that a motion for summary judgment is to be denied whenever there is a genuine issue as to a material fact. *Blades v Genesee County Drain Dist No 2, supra, Rizzon v Kretschmer,* 389 Mich 363, 372; 207

NW2d 316 (1973), *Partrich v Muscat,* 84 Mich App 724, 730; 270 NW2d 506 (1978). Thus, since there was a genuine issue of material fact as to the special benefits, we affirm the tribunal's denial of summary judgment in favor of plaintiffs.

However, we do find that the tribunal committed an error of law when it *sua sponte* granted summary judgment in favor of defendants and thereby dismissed plaintiffs' petition.

As noted above, there existed a genuine issue of a material fact, *e.g.,* whether the properties were benefited. While this was legally sufficient to deny plaintiffs' motion for summary judgment, it also precluded a *sua sponte* grant of summary judgment in favor of defendants.

It is inappropriate for the tribunal to decide disputed factual questions under the guise of an order for summary judgment. Summary judgment is not a substitute for fact finding, and proceedings in connection therewith are not a substitute for an evidentiary hearing. Neither party is entitled to summary judgment if there exists so much as a single controverted fact which establishes or tends to establish a proposition bearing on a genuine issue. *Rizzo v Kretschmer, supra, Steadman v Lapensohn,* 408 Mich 50, 53; 288 NW2d 580 (1980), *Northern Plumbing & Heating, Inc v Henderson Brothers, Inc,* 83 Mich App 84, 90; 268 NW2d 296 (1978), *lv den* 405 Mich 845 (1979), *Freeman v Massachusetts Mutual Life Ins Co,* 27 Mich App 572, 582-583; 183 NW2d 832 (1970).

We fully recognize that GCR 1963, 117.3 provides, *inter alia,* as follows: "If it appears that the opposing party rather than the moving party is entitled to judgment, the court may render summary judgment in his favor without necessity of a motion therefor." However, this provision is inap-

plicable when, as in the instant case, there remain any issues of material facts.

Therefore, we affirm the tribunal's decision that the City of Muskegon is authorized to establish a special assessment district for the maintenance and operation of the mall pursuant to MCL 125.981 *et seq.;* MSA 5.3533(1) *et seq.* Further, we affirm the tribunal's denial of plaintiff's motion for summary judgment. However, we reverse the tax tribunal's *sua sponte* grant of summary judgment in favor of the defendants and dismissal of plaintiffs' petition. We remand the case to the tribunal for an evidentiary hearing as to the two controlling facts of whether special benefits have been conferred upon the properties and whether the benefits conferred substantially correspond to the assessments levied.

Reversed and remanded.