*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PETER J. ZIRNHELT,

        Plaintiff-Appellant,

UNPUBLISHED
March 10, 2022

v

No. 354776
Grand Traverse Circuit Court
LC No. 2020-035197-CZ

NICOLE MCCALL,

        Defendant-Appellee.

Before: CAVANAGH, P.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

In this defamation action, plaintiff appeals as of right the trial court order granting summary disposition under MCR 2.116(C)(10) to defendant. On appeal, plaintiff argues that the trial court erred when it dismissed plaintiff's complaint because it determined as a matter of law that the alleged defamatory statement was true. Plaintiff also argues that the trial court erred when it determined that plaintiff's complaint was frivolous and awarded sanctions to defendant. We affirm.

## I. BACKGROUND

Plaintiff is an attorney. Plaintiff and defendant are members of the Long Lake Peninsula Association (LLPA), a homeowner's association in Grand Traverse County. In 2018, plaintiff, on behalf of the LLPA, sought quotes for tree removal services. At an LLPA meeting held on August 16, 2018, plaintiff moved for the adoption of one the quotes. This particular bid was submitted by Leonardo's Tree Service, Inc. The bid, not seen by LLPA members or officers until after the meeting, was dated July 24, 2018. The bid contained the following statement: "Consider this quote good for 15 days." Nonetheless, plaintiff moved for its adoption, after, according to the meeting minutes, he represented to the LLPA members present that it was open for acceptance for 15 further days. The meeting minutes also reflect that the LLPA would request that the quote's life be extended.

A year later, at the August 15, 2019 LLPA meeting, some members stated that the Leonardo's quote was expired when it was adopted. Defendant was one of those members. Plaintiff argued with defendant over this contention. At some point in this discussion, defendant

-1-

called plaintiff a "liar," and stated that plaintiff was "lying" when he represented that the quote was open for acceptance at the 2018 meeting.

Plaintiff sued defendant over these statements, filing a complaint alleging defamation per se and false light invasion of privacy. After a discovery period, defendant moved for summary disposition under MCR 2.116(C)(10) on the basis that her alleged defamatory and false statements—that plaintiff was a liar and that he lied about the Leonardo's quote—were true. Defendant asked the trial court to find plaintiff's complaint frivolous and award her reasonable attorney fees and costs.

On August 27, 2020, the trial court granted defendant's motion, finding that the Leonardo's quote had expired by its own terms before the 2018 meeting. In the same order, the trial court noted its finding that the complaint was frivolous, brought with no factual basis, "because [plaintiff] knew for sure that this quote was not, in fact, legally enforceable." The trial court also found that the complaint was filed for an improper purpose—it amounted to "nothing more than bullying a layperson who [plaintiff] didn't agree with." In an order issued on a later date, the trial court granted a motion to find an amount of attorney fees and costs reasonable to be awarded to defendant. Plaintiff now appeals the trial court's August 27, 2020 order granting summary disposition and awarding sanctions to defendant.

## II. SUMMARY DISPOSITION UNDER MCR 2.116(C)(10)

This Court reviews de novo a trial court's order granting summary disposition. *Ireland v Edwards*, 230 Mich App 607, 612; 584 NW2d 632 (1998). Summary disposition is appropriate under MCR 2.116(C)(10) "if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Piccione v Gillette*, 327 Mich App 16, 19; 932 NW2d 197 (2019) (quotation marks and citation omitted). A genuine issue of material fact exists when the record, viewed in the light most favorable to the nonmoving party, "leaves open an issue upon which reasonable minds might differ." *Id.* (quotation marks and citation omitted). "The moving party must specifically identify the matters that have no disputed factual issues, and it has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence." *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 440; 814 NW2d 670 (2012). "The existence of a disputed fact must be established by substantively admissible evidence, although the evidence need not be in admissible form." *Id.* at 441.

To establish a defamation claim, a plaintiff must establish that the defendant made:

(1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication. [*Smith v Anonymous Joint Enterprise*, 487 Mich 102, 113; 793 NW2d 533 (2010) (quotation marks and citation omitted).]

Defendant's defense is that her statement was true. Truth is a complete defense to a defamation claim. *TM v MZ*, 326 Mich App 227, 242; 926 NW2d 900 (2018). Accordingly, the

-2-

issue in regard to defendant's motion for summary disposition is whether a genuine issue of material fact exists as to the first element: falsity.

The trial court did not err when it determined that defendant's statement was true as a matter of law. The quote from Leonardo's states, "Consider this quote good for 15 days." More than 15 days had elapsed between the date the quote was prepared, July 28, 2018, and the date of the 2018 meeting, August 16, 2018. Therefore, the quote was no longer open for acceptance at the 2018 meeting. "An offer comes to an end at the expiration of the time given for its acceptance; a limitation of time within which an offer is to run being equivalent to the withdrawal of the offer at the end of the time named." *Burton v Ladd*, 211 Mich 382, 386; 178 NW 774 (1920) (quotation marks and citation omitted). This is a fundamental, rudimentary principle of contract law, which plaintiff—an attorney—chooses to ignore.

Moreover, Leonardo's president, Paul Wiley, averred and testified that the quote expired after 15 days. The fact that he would have (and did) honor the quote's price after its expiration is irrelevant to the basic fact that the quote had indeed expired. Contrary to plaintiff counsel's attempt to mislead the panel at oral argument, there is no evidence that Wiley had any conversation with plaintiff prior to the 2018 meeting indicating that the quote would be extended beyond 15 days. Rather, at his deposition, Wiley testified several times that he had no such conversation. He said it was his *intent* that the quote would stay open, but this was not expressly communicated to plaintiff before the 2018 meeting took place. The email correspondence between plaintiff and Wiley does not make this clear. There is no evidence that Wiley responded to plaintiff's email indicating the quote would be considered at the 2018 meeting. Accordingly, defendant's alleged defamatory statements were true, and there exists no genuine issue of material fact as to the first element of defamation. The trial court therefore properly granted summary disposition to defendant.

Plaintiff further argues that falsity is purely a fact question reserved for a jury. This argument is unpersuasive.

Const 1963, art 1, § 19 provides: "In all prosecutions for libels the truth may be given in evidence to the jury; and, if it appears to the jury that the matter charged as libelous is true and was published with good motives and for justifiable ends, the accused shall be acquitted." This Court has explained that "the truth of and good motive behind an allegedly libelous statement are matters for jury determination." *Hodgins Kennels, Inc v Durbin*, 170 Mich App 474, 482; 429 NW2d 189 (1988), reversed on other grounds 432 Mich 894 (1989).

However, the courts of this state have on several occasions analyzed falsity and truth when reviewing a motion for summary disposition. In *Locricchio v Evening News Ass'n*, 438 Mich 84, 137; 476 NW2d 112 (1991) (CAVANAGH, J., concurring), Justice Michael Cavanagh noted that our Supreme Court's "precedents have consistently viewed the determination of truth or falsity in defamation cases as a purely factual question which should *generally* be left to the jury." (emphasis added.)

In *Steadman v Lapensohn*, 408 Mich 50, 53; 288 NW2d 580 (1980), a trial court granted summary disposition on the basis of its finding of fact that the alleged defamatory statements were substantially true. The trial court found, in part, as follows:

"The publications under attack contain facts and assertions that are substantially true. They are false only in minor and insignificant detail."

"Defendants' editorial opinions are fair conclusions from established facts, albeit opinions only, and not presented as assertions of truth."

"Published information concerning Mrs. Steadman was not false in any significant respect, and viewed from the standpoint of a newspaper reader, except for issues of semantics, was wholly correct." [*Id.*]

The Michigan Supreme Court reversed, explaining as follows:

The trial judge's assessment of the case may be correct. However, the question on the motion for summary judgment is not whether the published statements are true or substantially true, but rather, whether there is a genuine issue as to material facts. In this case, the plaintiffs claimed that a number of the published statements were false, and supported this claim with deposition testimony and affidavits. On this record it cannot be said that the disputed questions regarding these statements "are immaterial and inconsequential." [*Id.* at 53-54.]

These cases make clear that the proper analysis is one grounded in the principles of summary disposition, i.e., "whether there is a genuine issue as to materials facts." *Id.* at 53. In this case, for the reasons discussed, no such genuine issue exists as to falsity.

In regard to false-light claims,

[i]n order to maintain an action for false-light invasion of privacy, a plaintiff must show that the defendant broadcast to the public in general, or to a large number of people, information that was unreasonable and highly objectionable by attributing to the plaintiff characteristics, conduct, or beliefs that were false and placed the plaintiff in a false position. Further, the defendant must have known of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed. [*Puetz v Spectrum Health Hosps*, 324 Mich App 51, 69; 919 NW2d 439 (2018) (quotation marks and citations omitted).]

The trial court did not err when it granted summary disposition to defendant on this claim for the same reasons as discussed in regard to plaintiff's defamation claim. Defendant's alleged defamatory statements were true because the quote expired before the 2018 meeting.

Accordingly, the trial court did not err when it granted summary disposition to defendant and dismissed the complaint.

## III. FRIVOLOUS CLAIM AND SANCTIONS

This Court reviews for clear error a trial court's finding that an action is frivolous. *In re Attorney Fees and Costs*, 233 Mich App 694, 701; 593 NW2d 589 (1999). "A trial court's decision is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id.*

## A. JURISDICTION

At the outset, we address defendant's argument that this Court lacks jurisdiction over the portion of the trial court's August 27, 2020 order in which it determined that the complaint was frivolous and awarded sanctions to defendant.[1]

MCR 7.202(6)(a) provides that the definition of "final judgment" or "final order" in a civil case is as follows:

    (*i*) the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order;

    (*ii*) an order designated as final under MCR 2.604(B),

    (*iii*) in a domestic relations action, a postjudgment order that, as to a minor, grants or denies a motion to change legal custody, physical custody, or domicile;

    (*iv*) a postjudgment order awarding or denying attorney fees and costs under MCR 2.403, 2.405, 2.625 or other law or court rule; or

    (*v*) an order denying governmental immunity to a governmental party, including a governmental agency, official, or employee under MCR 2.116(C)(7) or an order denying a motion for summary disposition under MCR 2.116(C)(10) based on a claim of governmental immunity

In *John J Fannon Co v Fannon Prod, LLC*, 269 Mich App 162, 164-165; 712 NW2d 731 (2005), the defendant argued that this Court lacked jurisdiction to consider a trial court's order granting sanctions because it was a final order that was not timely appealed. The plaintiff argued that the trial court's order was not a final order because the trial court did not determine the amount of attorney fees and costs until a later date. *Id*. at 165. This Court agreed with the plaintiff and concluded that it had jurisdiction over the sanctions question, explaining that "an order that merely grants the imposition of sanctions is not a 'final order' if the amount of fees and costs remains to be determined." *Id*. at 166.

Defendant also cites *McIntosh v McIntosh*, 282 Mich App 471; 768 NW2d 325 (2009). In that divorce case, this Court explained the conclusion of the trial court proceedings in this way:

    On April 8, 2008, in a written opinion, the trial court awarded defendant sole legal and physical custody of Jordan. The trial court also granted defendant's request for attorney fees on the basis of the disparity in income between the parties. On April 28, 2008, the trial court entered a judgment of divorce incorporating the

---

[1] Because plaintiff advances no argument that the amount of attorney fees and costs awarded to defendant was unreasonable, we not need address the jurisdictional question in regard to the trial court's October 29, 2020 order.

custody determination. The trial court then granted defendant's request for an additional $2,000 in attorney fees in anticipation of an appeal and entered a post-judgment order to this effect on May 15, 2008. [*Id*. at 474.]

On appeal, this Court concluded that it lacked jurisdiction over the postjudgment order awarding appellate attorney fees. *Id*. at 483. It explained as follows:

Here, the trial court's May 15, 2008, postjudgment order required plaintiff to pay defendant attorney fees of $2,000 in anticipation of appeal. Plaintiff never appealed this postjudgment order. Instead, plaintiff merely argued in his claim of appeal from the judgment of divorce that the trial court erred in awarding attorney fees. Because plaintiff was required to file a separate claim of appeal from the postjudgment order and he did not, we lack jurisdiction to consider this issue. [*Id*. at 484.]

In this case, this Court has jurisdiction over the trial court's August 27, 2020 order awarding attorney fees and costs. Because the amount of fees and costs remained to be determined, this was not a separate, final order. See *Fannon*, 269 Mich App at 164-165. Also notably, this order was also not a "postjudgment order," as it is found in the order of judgment. Therefore, it does not fall under MCR 7.202(6)(a)(*iv*), and plaintiff did not need to have filed a separate claim of appeal over this portion of that order. Therefore, we proceed to the merits of defendant's claim.

B. MERITS

Plaintiff argues that his claim was not frivolous and that he should not have been sanctioned. According to plaintiff, his claims were legally viable and factually supported. He supported his claim with his own affidavit and the deposition testimony of Leonardo's president, Wiley, and defendant. Even if defendant's statements calling plaintiff a liar and stating that he was lying to the LLPA were true, plaintiff had a good faith, nonfrivolous factual basis for the complaint. According to plaintiff, the complaint itself details several actions that plaintiff took before filing the complaint as a last resort, and defendant's invoice reflects that plaintiff attempted to settle this case in exchange for a retraction and nominal damages to cover plaintiff's costs in filing.

A claim or defense is frivolous when: (1) the party's primary purpose was to harass, embarrass or injure the prevailing party; (2) the party had no reasonable basis to believe that the underlying facts were true; or (3) the party's position was devoid of arguable legal merit. MCL 600.2591(3)(a); *Kitchen v Kitchen*, 465 Mich 654, 662; 641 NW2d 245 (2002).

The trial court did not clearly err when it determined that the complaint was frivolous and awarded sanctions to defendant. See *In re Attorney Fees & Costs*, 233 Mich App at 701. The record paints a picture of a contentious political tussle over the removal of dead trees. Plaintiff was in charge of procuring quotes to remove the dead trees. He procured three. He then moved the LLPA for adoption of the Leonardo's quote. He represented to the LLPA that the quote was alive for 15 further days, even though it explicitly stated that it was "good for 15 days," and those 15 days already passed. Plaintiff is, as he stresses, an attorney. Therefore, it was not clearly erroneous for the trial court to find that plaintiff knew the quote was expired and yet sued defendant

for defamation anyway.  Moreover, defendant's deposition transcript clearly reads as an act of legal bullying against a layperson, arising from a petty squabble about dead trees, initiated by plaintiff's own actions.  Accordingly, the trial court did not clearly err when it found that this case was brought in an attempt to harass, injure, or embarrass defendant, the prevailing party.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Michael J. Riordan