JOHN J FANNON COMPANY v FANNON PRODUCTS, LLC

Docket No. 255480. Submitted October 18, 2005, at Detroit. Decided
    December 6, 2005, at 9:05 a.m.

John J. Fannon Company brought an action in the Macomb Circuit
    Court against Fannon Products, L.L.C.; and others, alleging vari-
    ous counts of misconduct regarding the assets of the plaintiff,
    which was a family business. Attorney Lawrence Heitsch filed the
    complaint on the plaintiff's behalf. The plaintiff was subsequently
    represented by Joseph H. Ehrlich and his law firm, Ehrlich, Foley
    & Serwer, P.C. The court, Donald G. Miller, J., ultimately dismissed
    the plaintiff's complaint, and awarded the defendants attorney
    fees and costs as sanctions for the plaintiff's maintaining a
    frivolous action. The plaintiff, Heitsch, Ehrlich, and Ehrlich's law
    firm were held jointly and severally liable for the sanctions.
    Ehrlich and his law firm appealed the award of attorney fees and
    costs.

    The Court of Appeals *held*:

    1. The Court of Appeals has jurisdiction to consider this
    appeal. While the trial court entered its order granting the
    defendants' motion for sanctions on January 7, 2004, that order
    was not a final order for purposes of filing a claim of appeal
    because the trial court did not determine the amount of the
    attorney fees and costs until April 20, 2004. The claim of appeal
    was timely filed following that determination.

    2. The trial court did not clearly err when it ordered Ehrlich
    and his law firm to pay sanctions. By the time Ehrlich and his firm
    entered the case, they had sufficient reason to believe the case
    lacked legal merit and evidentiary support. Ample evidence existed
    that directly contradicted the plaintiff's allegations and indicated
    that the founder of the company and Heitsch, the plaintiff's
    original attorney, were involved in, and overtly or tacitly approved
    of, the transactions complained of in the litigation. Nonetheless,
    Ehrlich and his firm continued to file pleadings with additional
    factually baseless claims. They did not conduct a reasonable
    inquiry into the factual and legal viability of the plaintiff's claims,

and consequently violated MCR 2.114(D) and (E) by signing pleadings that continued the frivolous litigation for two more years.

3. The trial court did not abuse its discretion in determining the amount of the sanctions. The trial court was not required to conduct an evidentiary hearing on this issue because it had sufficient evidence from which to determine the amount of attorney fees and costs in the detailed billing reports for defense counsel's work submitted by the defendants. When determining whether attorney fees are reasonable, a court must consider (1) the attorney's professional standing and experience, (2) the skill, time, and labor involved, (3) the amount in question and the results achieved, (4) the difficulty of the case, (5) the expenses incurred, and (6) the nature and length of the professional relationship with the client. Ehrlich raised only minor objections below, and the trial court correctly determined that the attorney fees and costs the defendants requested were reasonable under these factors.

4. The trial court did not abuse its discretion by imposing joint and several liability on the plaintiff and all its attorneys.

Affirmed.

1. APPEAL — FINAL ORDERS — SANCTIONS FOR FRIVOLOUS LAWSUITS — COSTS — ATTORNEY FEES.

A trial court's order that grants a motion for sanctions is not a final order for purposes of filing a claim of appeal if the amount of attorney fees and costs remains to be determined (MCR 7.202[6], 7.204[A][1][b]).

2. COSTS — ATTORNEY FEES — REASONABLENESS.

A court, when determining whether attorney fees awarded as costs are reasonable, must consider (1) the attorney's professional standing and experience, (2) the skill, time, and labor involved, (3) the amount in question and the results achieved, (4) the difficulty of the case, (5) the expenses incurred, and (6) the nature and length of the professional relationship with the client; the trial court is not required to give detailed findings regarding each factor.

*Honigman Miller Schwartz and Cohn LLP* (by *Barry L. Howard* and *Jason Schian Conti*) for Ehrlich, Foley & Serwer, P.C.; and Joseph H. Ehrlich.

*Timmis & Inman PLLC* (by *John C. Louisell*) for Fannon Products, L.L.C.; John J. Fannon III; Constance M. Fannon; David Fannon; Keith Fannon; John J. Fannon IV; and Daniel Fannon.

Before: SAAD, P.J., and JANSEN and MARKEY, JJ.

SAAD, P.J. This is an appeal by lawyers who were sanctioned $113,911.88 for pursuing frivolous litigation. The case arises out of a dispute over alleged misconduct regarding the assets of a family business, plaintiff John J. Fannon Company. The first lawyer for plaintiff in this suit, attorney Lawrence D. Heitsch, filed a complaint on behalf of plaintiff on August 15, 2000, and alleged that defendants breached their fiduciary duties to plaintiff and conspired to convert, transfer, or divert plaintiff's assets, including a policy that insured the life of company founder John J. Fannon, Jr. ("John Jr."). On March 11, 2002, appellants, Joseph H. Ehrlich and his law firm, Ehrlich, Foley & Serwer, P.C., filed an appearance and represented plaintiff in conjunction with Heitsch. The trial court ultimately dismissed plaintiff's complaint, and the only question on appeal is whether, with respect to Ehrlich, Foley & Serwer, P.C.; and Joseph Ehrlich,[1] the trial court erred when it awarded defendants attorney fees and costs as sanctions for plaintiff's maintaining a frivolous action. We affirm.

### I. FINALITY OF ORDER IMPOSING SANCTIONS

Defendants contend that this Court lacks jurisdiction to consider Ehrlich's appeal of the trial court's January 7, 2004, order that granted defendants' motion for

---

[1] For ease of reference, in most of the of the opinion we refer to Ehrlich and Ehrlich, Foley & Serwer, P.C., together as "Ehrlich."

sanctions because the order was a final order under the Michigan Court Rules and Ehrlich did not timely file his claim of appeal. The trial court denied Ehrlich's motion for reconsideration on February 13, 2004, and Ehrlich did not file his claim of appeal until May 11, 2004. Ehrlich asserts that the trial court's order that imposed sanctions was not final because the trial court did not determine the amount of attorney fees and costs until April 20, 2004.

We hold that the trial court's order that granted defendants' motion for sanctions was not a "final order" for purposes of filing a claim of appeal. MCR 7.202(6) and 7.204(A)(1)(b).[2] In *In re Hemminger*, 463 Mich 941 (2000), our Supreme Court stated:

> In lieu of granting leave to appeal, the April 6, 2000, order of the Court of Appeals is vacated, and that Court is directed to docket the appeal. MCR 7.302(F)(1). While the trial court entered an order on August 18, 1999, which directed appellants to pay attorney fees and costs of the prior guardian as sanctions, *it was not a final order because the amount of attorney fees and costs had not been determined.* The final order, specifying the amount to be paid, entered December 23, 1999. Therefore, the Court of Appeals is to consider both appellant's liability for sanctions and the amount of sanctions imposed. [Emphasis added.]

Our Court has held that " 'Supreme Court peremptory orders are binding precedent when they can be understood.' " *Brooks v Engine Power Components, Inc*, 241 Mich App 56, 61; 613 NW2d 733 (2000) (overruled on other grounds *Kurtz v Faygo Beverages, Inc*, 466 Mich 186, 193-194 [2002]), quoting *People v Phillips (After Second Remand)*, 227 Mich App 28, 38 n 11; 575 NW2d

---

[2] It is well-settled that "certification by the lower court does not end the inquiry into whether an order is final." *McCarthy & Assoc, Inc v Washburn*, 194 Mich App 676, 680; 488 NW2d 785 (1992).

784 (1997). See also *People v Edgett*, 220 Mich App 686, 693 n 6; 560 NW2d 360 (1996). In the *Hemminger* order quoted, the Court's underlying rationale is easily discernible—under the Michigan Court Rules, as promulgated and interpreted by the Supreme Court, an order that merely grants the imposition of sanctions is not a "final order" if the amount of fees and costs remains to be determined.[3] Because we read *Hem-*

---

[3] Federal courts have also held that an order imposing sanctions under FR Civ P 11, the federal counterpart to MCR 2.114, is not final until the amount of attorney fees and costs has been determined. See *FMB-First Michigan Bank v Bailey*, 232 Mich App 711, 719 n 5; 591 NW2d 676 (1998). As summarized in Solovy, *Sanctions Under Rule 11*, in Practising Law Institute, Litigation & Administrative Practice Course Handbook Series, Criminal Law & Urban Problems, 200 PLI/Crim 385, 536-537 (2005):

> An order awarding fees without determining the amount of fees is not an appealable order. Lazorko v. Pennsylvania Hosp., 237 F.3d 242 (3d Cir. 2000) (holding that award of sanctions is not appealable until the district court determines the amount of the sanction and that the district court's subsequent entry of final order does not cure premature appeal and make it timely); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F. 3d 962, 964 (Fed. Cir. 1997) (requiring determination of sanction amount before allowing appeal promotes efficiency by eliminating possibility of two appeals); see also Lee. v. L.B. Sales, Inc., 177 F.3d 714, 717 (8th Cir. 1999) (holding that party had not waived right to appeal award of sanctions under § 1927 because award did not become final and appealable until amount is fixed); Cooper v. Salomon Bros., 1 F.3d 82, 84 (2d Cir. 1993) (holding that court lacked jurisdiction to consider imposition of Rule 11 sanctions because district court had not yet determined amount of sanctions); Southern Travel Club, Inc. v. Carnival Air Lines, Inc., 986 F.2d 125, 131 (5th Cir. 1993) (finding no jurisdiction to consider appeal from Rule 11 sanction order where order did not "reduce sanctions to a sum certain"); John v. Barron, 897 F.2d 1387, 1390 (7th Cir. 1990); Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc., 873 F.2d 1327, 1329 (9th Cir. 1989); Sidag Aktiengesellschaft v. Smoked Foods Prods. Co., 813 F.2d 81, 84 (5th Cir. 1987); Gates v. Central States Teamsters Pension Fund, 788 F.2d 1341, 1343 (8th Cir. 1986); cf. Thornton v. General Motors Corp., 136 F.3d 450, 454 (5th Cir.

2005] FANNON CO V FANNON PRODUCTS       167

*minger* to be binding precedent, we hold that the January 7, 2004, order that granted sanctions to defendants was not a final order and, therefore, we reject defendants' claim that this Court lacks jurisdiction to consider Ehrlich's appeal of the trial court's grant of sanctions.

## II. ORDER IMPOSING SANCTIONS

The trial court ruled that plaintiff, Lawrence Heitsch, Ehrlich, and Ehrlich, Foley & Serwer, P.C., are jointly and severally liable for defendants' attorney fees and costs, yet the only parties to appeal the order are Ehrlich and his law firm. The trial court imposed sanctions against plaintiff and its first attorney, Lawrence Heitsch, under MCL 600.2591. The record reflects that, for many years before this case was filed, Heitsch acted as the company's attorney and also as John Jr.'s personal attorney. The complaint and subsequent pleadings focused on defendants' alleged improper transfer of the life insurance policy, their failure to abide by a split-dollar agreement made in connection with the policy, their opening of a new bank account, and their transfer of plaintiff's offices, mail, and telephone service to a new Grosse Pointe location. However, the evidence clearly established that Heitsch knew that these claims had no basis in fact because he and John Jr. were involved in or acquiesced to each transaction.

---

1998) (exercising pendant [sic] jurisdiction over unquantified attorneys' fees award, where it was "inextricably intertwined" with final order suspending the attorney).

Courts from other states have addressed the issue and held that an order that grants sanctions is not a final order if the amount of sanctions has not been determined. See *Axtell v Park School Dist R-3*, 962 P2d 319, 322 (Colo App, 1998); *Francis v Recycling Solutions, Inc*, 695 A2d 63, 66 (DC App, 1997); *Fattibene v Kealey*, 12 Conn App 212, 216; 530 A2d 206 (1987).

The trial court also imposed sanctions against Ehrlich pursuant to MCR 2.114.[4] "A trial court's finding that an action is frivolous is reviewed for clear error." *Kitchen v Kitchen*, 465 Mich 654, 661; 641 NW2d 245 (2002). "Whether a claim is frivolous within the meaning of MCR 2.114(F) . . . depends on the facts of the case." *Id.* at 662. This Court recently explained in *46th Circuit Trial Court v Crawford Co*, 266 Mich App 150, 178-179; 702 NW2d 588 (2005):

Pursuant to MCR 2.114(D), an attorney or party that signs a pleading certifies that "to the best of his or her

---

[4] MCR 2.114 provides, in relevant part:

(D) Effect of Signature. The signature of an attorney or party, whether or not the party is represented by an attorney, constitutes a certification by the signer that

(1) he or she has read the document;

(2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and

(3) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

(E) Sanctions for Violation. If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.

(F) Sanctions for Frivolous Claims and Defenses. In addition to sanctions under this rule, a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2). The court may not assess punitive damages.

knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law[.]" Sanctions may be imposed on the attorney, client, or both for a violation of this rule.

Ehrlich began his representation of plaintiff 18 months after Heitsch filed the initial complaint. By that time, not only had the plaintiff company, for all intents and purposes, been dissolved by John Jr. and Heitsch,[5] the only witness who could testify about the vast majority of plaintiff's claims, John Jr., was dead. Moreover, by the time Ehrlich entered the case, ample evidence existed that directly contradicted the allegations in plaintiff's complaint and indicated that Heitsch and John Jr. were involved in, and overtly or tacitly approved of, the very transactions about which they complained in this litigation.

Ehrlich contends that he believed he had factual support to continue the litigation (and to add more claims against defendants) on the basis of an affidavit John Jr. signed shortly before he died and letters drafted by John Jr.'s son, Mark Fannon. While John Jr.'s affidavit contains bare allegations that defendants breached a split-dollar agreement and wrongly changed the beneficiaries of a life insurance policy, unrebutted evidence showed that *plaintiff* breached the split-dollar agreement, that John Jr. entered a subsequent agreement to transfer the policy's premium payments and benefits to defendants, and that John Jr. instructed Heitsch to cancel all of plaintiff's interest in the policy. Regarding Mark Fannon's correspondence, plaintiff did not attach the letters to its numerous responses to

---

[5] Though not active for many months, the company automatically dissolved on July 15, 2002.

defendants' motions for summary disposition, it never deposed Mark, and it never filed a witness list to indicate that Mark would be called to support any of its allegations.[6] Notwithstanding this evidence, Ehrlich continued to file pleadings in the trial court with additional factually baseless claims.[7]

By the time he joined the case, Ehrlich had ample reason to believe that the case lacked legal merit and evidentiary support. Ehrlich did not conduct a reasonable inquiry into the factual and legal viability of plaintiff's claims before he signed pleadings that continued the litigation in the trial court for two more years. From the record evidence, Ehrlich "violated MCR 2.114(D) and (E) by submitting documents with [his] signature in furtherance of this frivolous, vexatious appeal." *BJ's & Sons Constr Co, Inc v Van Sickle*, 266 Mich App 400, 413; 700 NW2d 432 (2005) (opinion of SAAD, J.). Accordingly, and for the reasons stated above, the trial court did not clearly err when it ordered Ehrlich to pay sanctions.[8]

---

[6] Ehrlich further claims that the action was not frivolous because prior judges denied defendants' motions for summary disposition. However, the record shows that Judge George E. Montgomery's opinions focused on (1) plaintiff's failure to adequately inform defendants of plaintiff's claims and repeated opportunities to amend their complaint, (2) defendants' failure to submit a copy of a document with their motion for summary disposition, and (3) the parties' failure to obtain a written order on a prior denial of defendants' motion for summary disposition. Further, the record reflects that Judge Roland L. Olzark, as a visiting judge, had little or no knowledge of the facts or history of the case when he denied defendants' motion for dismissal.

[7] Ehrlich also maintains that there was merit to plaintiff's case because the case evaluation panel would have awarded plaintiff $100,000. However, given the limited information and time case evaluators have for each case, and their lack of knowledge regarding the protracted procedural history of this matter, the evidence does not persuasively establish that the trial court erred by imposing sanctions.

[8] "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Kitchen, supra* at 661-662.

Ehrlich also contends that the trial court abused its discretion when it imposed $113,911.88 in attorney fees and costs. We disagree.

Though Ehrlich complains that the trial court should have conducted an evidentiary hearing to determine the reasonableness of the fees, the trial court did not abuse its discretion by failing to hold a hearing. If the trial court has sufficient evidence to determine the amount of attorney fees and costs, an evidentiary hearing is not required. *46th Circuit Trial Court, supra* at 180-181. Defendants submitted billing reports for costs and fees incurred both before and after Ehrlich and his firm joined the litigation. The reports set forth in detail the work defense counsel performed on defendants' numerous motions for summary disposition to dispose of some or all of plaintiff's claims without the necessity of trial. The reports also specifically indicate the work and miscellaneous costs necessitated by plaintiff's numerous complaints, plaintiff's failure to comply with discovery orders, plaintiff's motions for reconsideration and rehearing, and plaintiff's improperly filed claim of appeal. Moreover, Judge Donald G. Miller was very familiar with the history of the litigation and the amount of work required by plaintiff maintaining this frivolous litigation.

Regarding the reasonableness of the fees and costs, as our Supreme Court explained in *Wood v Detroit Automobile Inter-Ins Exch*, 413 Mich 573; 321 NW2d 653 (1982), a trial court must consider the following factors when it determines whether attorney fees are reasonable:

> "(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the

nature and length of the professional relationship with the client. See generally 3 Michigan Law & Practice, Attorneys and Counselors, § 44, p. 275, and Disciplinary Rule 2-106(B) of the Code of Professional Responsibility and Ethics." [*Id.* at 588, quoting *Crawley v Schick*, 48 Mich App 728, 737; 211 NW2d 217 (1973).]

Though Ehrlich takes issue with the trial court's failure to enunciate in detail how and why the fees and costs were reasonable under these factors, a trial court is not required to give detailed findings regarding each factor. *In re Attorney Fees and Costs*, 233 Mich App 694, 705; 593 NW2d 589 (1999). Moreover, in the trial court, Ehrlich raised only minor objections to some of the billing entries submitted by defense counsel and, therefore, he will not be heard to argue that the total amount is unreasonable. Further, we hold that the trial court correctly determined that, under the factors set forth above, the attorney fees and costs requested by defendants were reasonable. For these reasons, the trial court's award of $113,911.88 in attorney fees and costs did not constitute an abuse of discretion. *Phinney v Perlmutter*, 222 Mich App 513, 560; 564 NW2d 532 (1997).

Ehrlich also claims that the trial court erred by imposing joint and several liability for the sanctions on plaintiff, Heitsch, Ehrlich, and Ehrlich's firm. The imposition of joint and several liability for attorney fees and costs is permissible under Michigan law. See *In re Attorney Fees and Costs, supra* at 705-707. The record reflects that, when they joined the case, Ehrlich and his firm continued to file pleadings and documents that lacked factual and legal support. Further, though they knew that the deposition testimony of the only available witnesses did not support plaintiff's claims and that documents directly contradicted plaintiff's claims, Ehr-

lich and his firm filed two new complaints after joining the litigation and added numerous additional claims.

Ehrlich also filed a claim of appeal on behalf of Alice Fannon, who was not a party to this action and, despite this Court's clear basis for the dismissal of that appeal, Ehrlich and his firm asked the court to reconsider the decision. Moreover, in response to defendants' additional motions to dismiss, Ehrlich and his firm continued to take unsupportable positions. All these actions required response briefs and motions by defendants and, in light of the evidence the parties had when Ehrlich joined the case, the actions were vexatious and frivolous. The record clearly reflects that Ehrlich failed to make reasonable inquiry into the factual and legal merit of the claims he asserted on behalf of plaintiff when he knew or should have known that they lacked such support. Ehrlich was subject to sanctions within the sound discretion of the trial court pursuant to MCR 2.114 and MCR 2.625(A)(2), and the trial court did not abuse its discretion when it imposed joint and several liability on plaintiff and all its attorneys.

Affirmed.