# STATE OF MICHIGAN

# COURT OF APPEALS

JASON BROADRICK,

Plaintiff/Counter-Defendant-
Appellant,

v

DEBRA BROADRICK,

Defendant/Cross-Defendant,

and

AMERICAN FAMILY LIFE ASSURANCE
COMPANY OF COLUMBUS,

Defendant/Counter-Plaintiff/Cross-
Plaintiff/Third-Party-Plaintiff,

and

KRISTY BROADRICK,

Third-Party-Defendant,

and

LAW OFFICES OF DONALD DELONG, PC,

Appellee.

UNPUBLISHED
October 17, 2017

No. 333213
Oakland Circuit Court
LC No. 2015-146541-CZ

Before: SAAD, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

In this dispute regarding attorney fees, plaintiff appeals the trial court's order that awarded attorney fees to appellee, Law Offices of Donald DeLong, PC. We reverse and remand.

-1-

Plaintiff argues on appeal that the trial court erred when it awarded DeLong[1] his requested attorney fees without first holding an evidentiary hearing and without considering plaintiff's provided evidence.

## I.  APPLICABLE LAW

"[T]he burden of proving the reasonableness of the requested fees rests with the party requesting them." *Smith v Khouri*, 481 Mich 519, 528-529; 751 NW2d 472 (2008) (opinion by TAYLOR, C.J.).  "An attorney is entitled to recover fees for services rendered under the agreement . . . ." *Souden v Souden*, 303 Mich App 406, 415; 844 NW2d 151 (2013).  Further, "a party requesting a postjudgment award of attorney fees must show both that the attorney fees were incurred and that they were reasonable." *Id*.  Pursuant to the Michigan Supreme Court, the determination of reasonableness requires consideration of the following factors:

> "(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client." [*Smith*, 481 Mich at 529 (opinion by TAYLOR, C.J.), quoting *Wood v DAIIE*, 413 Mich 573, 588; 751 NW2d 472 (2008).]

Michigan "courts have [also] traditionally considered the . . . eight factors found in [MRPC] 1.5(a)." *Kennedy v Robert Lee Auto Sales*, 313 Mich App 277, 286; 882 NW2d 563 (2015).  Those factors, some of which overlap with the factors in *Smith*, are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

> (3) the fee customarily charged in the locality for similar legal services;

> (4) the amount involved and the results obtained;

> (5) the time limitations imposed by the client or by the circumstances;

> (6) the nature and length of the professional relationship with the client;

> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

> (8) whether the fee is fixed or contingent.

---

[1] For the sake of simplicity, we will refer to Delong, the individual, as a proxy for defendant.

[*Id.* at 286-287 (quotation marks and citations omitted).]

"Although a trial court is not required to consider every factor in detail, the trial court should endeavor to briefly discuss the above factors in order to aid appellate review . . . ." *Souden*, 303 Mich App at 416 (quotation marks and citation omitted).

Generally, "[w]hen requested attorney fees are contested, it is incumbent on the trial court to conduct a hearing to determine what services were actually rendered, and the reasonableness of those services." *Reed v Reed*, 265 Mich App 131, 166; 693 NW2d 825 (2005). However, "[i]f the trial court has sufficient evidence to determine the amount of attorney fees and costs, an evidentiary hearing is not required." *John J Fannon Co v Fannon Prod, LLC*, 269 Mich App 162, 171; 712 NW2d 731 (2005). Indeed, this Court has held that a trial court did not abuse its discretion by awarding attorney fees without holding an evidentiary hearing where "the parties created a sufficient record to review the issue, and the court fully explained the reasons for its decision." *Head v Phillips Camper Sales & Rental, Inc*, 234 Mich App 94, 113; 593 NW2d 595 (1999).

## II. FAILURE TO HOLD AN EVIDENTIARY HEARING

Plaintiff argues that the trial court erred when it decided the issue of attorney fees without first holding an evidentiary hearing. We disagree. The record is clear that plaintiff did not request such a hearing until after the trial court entered its opinion and order. Plaintiff's failure to request that hearing resulted in him forfeiting the issue on appeal. *Kernen v Homestead Development Co*, 252 Mich App 689, 692; 653 NW2d 634 (2002). Thus, our review of this forfeited issue is for plain error affecting substantial rights. *People v Kimble*, 252 Mich App 269, 276; 651 NW2d 798 (2002). Here, because there was a great deal of documentary evidence provided by the parties, the trial court had sufficient evidence to determine the amount of attorney fees and costs. Therefore, an evidentiary hearing was not required, *John J Fannon Co*, 269 Mich App at 171, and plaintiff has failed to prove any plain error.

## III. FAILURE TO CONSIDER DOCUMENTARY EVIDENCE

Plaintiff also argues that the trial court abused its discretion when it refused to consider the documentary evidence provided by plaintiff. We agree.

It is undisputed that the trial court properly considered the six factors espoused in *Smith*, 481 Mich at 529-530 (opinion by TAYLOR, C.J.), and *Kennedy*, 313 Mich App at 286-287. However, when it considered the second factor ("the skill, time and labor involved"), the trial court noted the following:

> Regarding the second factor, the bills submitted by counsel are not contested by substantively admissible evidence. Plaintiff simply makes arguments regarding the amount of work done by . . . DeLong. Plaintiff also asserts that much of the required work was done by [his sister], who is also a licensed attorney. *However, these arguments are not supported by affidavit and are therefore not considered.* [Emphasis added.]

-3-

Hence, the trial court ignored plaintiff's arguments that DeLong overbilled on the case where plaintiff's sister, a licensed attorney, allegedly did much of the work and the case was purposely extended by DeLong. While it is true that plaintiff's attempt to file an affidavit was unsuccessful because the purported affidavit was not notarized, see *Detroit Leasing Co v Detroit*, 269 Mich App 233, 236; 713 NW2d 269 (2005), the trial court failed to acknowledge the *other* viable documentary evidence plaintiff submitted.

Here, in addition to his "affidavit," plaintiff submitted various e-mails between himself, DeLong, and plaintiff's sister. This type of documentary evidence did not need to be notarized. Further, the error is not harmless because if the trial court had considered the evidence, it may have determined that DeLong had impermissibly billed for work that had actually been performed by plaintiff's sister. Furthermore, plaintiff provided e-mail evidence that DeLong was aware in January 2015 that the estate of plaintiff's father did not have any assets that belonged in probate court, which included the life insurance policies that were at issue in this case and the probate case. In considering that evidence, the trial court may have determined that DeLong's continuation of the probate case, when he was aware that there were no probate assets, was unreasonable. In that event, the trial court could have reduced DeLong's fee to the fee a reasonable attorney would have charged.[2]

We therefore reverse the trial court's order that awarded DeLong his requested attorney fees and remand for further consideration consistent with this opinion. Our decision on this issue has rendered moot plaintiff's argument on appeal that the trial court should have granted his motion for reconsideration, and we decline to consider it.[3] *In re Pollack Trust*, 309 Mich App 125, 154; 867 NW2d 884 (2015).

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. No taxable costs, as neither party prevailed in full. MCR 7.219.

/s/ Henry William Saad
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron

---

[2] To be clear, we offer no opinion of the weight or persuasiveness of the proffered e-mails. Such determinations are for the sole discretion of the trial court on remand.

[3] Plaintiff also in his brief on appeal requests damages pursuant to MCR 7.216(C). An award pursuant to MCR 7.216(C), however, "requires that a party seeking [those] damages must file a motion under MCR 7.211(C)(8)." *Fette v Peters Constr Co*, 310 Mich App 535, 553; 871 NW2d 877 (2015). Pursuant to MCR 7.211(C)(8), "[a] request that is contained in any other pleading, including a brief filed under MCR 7.212, will not constitute a motion under this rule." The record on appeal contains no such motion. "Therefore, because [plaintiff] made [his] request for damages in [his] brief on appeal and not in a separate motion, the request is ineffectual." *Fette*, 310 Mich App at 554. Consequently, we deny plaintiff's request for damages.